UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN PRESTOPNIK,

                                Plaintiff,

-against-                               **Civil Action No.: 03-CV-0668**
                                                                        **(DNH/GJD)**

JOHN WHELAN, both individually and as Superintendent of
the Greater Johnstown School District, KATHLEEN
SULLIVAN, both individually and as Assistant Superintendent
of the Greater Johnstown School District, JAMES HILLIER,
both individually and as President of the Board of Education
of the Greater Johnstown School District, SHARON
RITZMANN, both individually and as former President of
the Board of Education of the Greater Johnstown School
District, JANE DOE NUMBER ONE, and THE GREATER
JOHNSTOWN SCHOOL DISTRICT,

                                Defendants.

---

### PROTECTIVE ORDER ON STIPULATION

WHEREAS, Plaintiff Jan Prestopnik and Defendants John Whelan, Kathleen Sullivan, James Hillier, Sharon Ritzmann, and the Greater Johnstown School District (collectively, the "School District") are identified as parties in the above-captioned litigation; and,

WHEREAS, the Plaintiff has made discovery demands which may require the School District to disclose confidential personnel and/or student files relating to employees and students of the District; and,

1

WHEREAS, the parties desire to facilitate discovery in this matter while preserving the confidentiality of such information; and

WHEREAS, by executing this Order on Stipulation, U.S. Magistrate Judge Gustave J. DiBianco has ordered that, <u>inter alia</u>, the School District disclose certain records of students and/or teachers under the conditions set forth herein;

IT IS HEREBY STIPULATED by and between the parties, subject to the approval of the Court, that:

1. The School District will, within five (5) days of the date of the entry of the Court's approval of this Protective Order on Stipulation ("Protective Order"), respond to those portions of Plaintiff's discovery requests as have been agreed on by the parties which seek documents covered by the Protective Order.

2. The Protective Order shall govern the use and dissemination of the following categories of documents and information which are disclosed or otherwise used in this action:

   a. All documents relating to the identity of students of the School District which are produced by the School District;

   b. All personnel records of any employee or former employee of the School District other than Plaintiff which are produced by the School District;

3. The School District may designate as "CONFIDENTIAL" any documents or copies thereof that fall within the scope of paragraph "2" above and that are produced by the School District for inspection in this action.

4. Absent an order of the Court to the contrary, all documents designated as "CONFIDENTIAL" shall only be disclosed to parties to this litigation and their counsel.

5. All documents designated as "CONFIDENTIAL" shall be used only by persons permitted access pursuant to paragraph "4" above and shall be used only for a purpose directly related to the prosecution or defense of this action, including the settlement thereof, and shall not be used for any other purpose whatsoever, nor shall it be disclosed to persons other than those specified herein.

6. All documents designated as "CONFIDENTIAL," if filed before the Court, shall be filed with the Clerk of the Court in a sealed opaque envelope marked with the caption of the case, a schedule listing the contents, and the following notation:

**"SEALED PURSUANT TO PROTECTIVE ORDER;
CONTAINS CONFIDENTIAL INFORMATION;
<u>TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT</u>."**

The Clerk of the Court is directed to maintain under seal all documents and tangible things so filed in this litigation.

7. Should the need arise for any of the parties to disclose documents designated as "CONFIDENTIAL" during any hearing or trial before the Court, including disclosures through argument or the presentation of testimonial, documentary, or physical evidence, such party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such information.

8. This Protective Order shall not preclude any person from moving this Court for an order that documents designated as "CONFIDENTIAL" are not, in fact, within the scope of protection afforded by Rule 26(c)(7) of the Federal Rules of Civil Procedure or for an order modifying this Protective Order. During the pendency of such motion, and until determination on the merits has been made by the Court, each document designated as

3

"CONFIDENTIAL" shall continue to be treated as such under the terms of this Protective Order.

9. Nothing contained in this Protective Order shall constitute an admission by any party that any document or information designated as "CONFIDENTIAL" is relevant, is admissible, or subject to discovery.

10. Upon final termination of this litigation, including any appeals, each counsel, party, and/or other person subject to the terms of this Protective Order shall be under an obligation to assemble and to promptly return to the originating source, or to destroy all documents designated as "CONFIDENTIAL," including without limitation all copies, excerpts, summaries, notes, digests, abstracts, and indices thereof, and all documents and things which have been prepared relating thereto, except that legal counsel for each party may retain one set of pleadings and other papers filed with the Court, including transcripts of hearings and trial, hearing and trial exhibits, and deposition transcripts and deposition exhibits.

11. Nothing herein shall be construed to require the Court to return documents which have been filed in the action to the parties.

12. This Protective Order shall survive the termination of this action.

DATED:
    10/24/05
POKLEMBA & HOBBS, LLC

By: _____
    Carin E. Spreitzer, Esq.
Attorneys for Plaintiff
358 Broadway - Suite 307
Saratoga Springs, New York   12866
Ph. (518) 581-9797

GIRVIN & FERLAZZO, P.C.

By: _____
    Patrick J. Fitzgerald, Esq.
Attorneys for Defendant, The Greater
    Johnstown School District
20 Corporate Woods Blvd.
Albany, New York   12211
Ph. (518) 462-0300

SO ORDERED:

Dated: Nov 3 05

_____
Hon. Gustave J. DiBianco
United States Magistrate Judge

5